Before STATE INDUSTRIAL BOARD, Respondent.
ROSE HARVEY, Respondent, v. KNICKERBOCKER SLATE COMPANY and Another, Appellants.

Third Department, September 10, 1925.

Workmen's compensation — notice of death — knowledge by employer of death not excuse under Workmen's Compensation Law, § 18, for failure to give written notice of death — lack of prejudice not shown by fact that employer had knowledge of death which occurred two months after injury.

The failure to give written notice of the death of an employee, as required by section 18 of the Workmen's Compensation Law, is not excused by the fact that the employer had knowledge of the death of the employee, which occurred two months after the injury, and filed a supplemental report of death, for that is not a ground for excusing the failure to give written notice of death, and furthermore, the fact that the employer had knowledge of the death does not in itself show that it was not prejudiced by the failure to give the written notice.

APPEAL by the Knickerbocker Slate Company and another, from an award of the State Industrial Board, made on the 30th day of July, 1924.

*Charles O. Truex* [*Paul Koch* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, P. J.:

The employee was injured February 27, 1924, and died as the result of the injury April 21, 1924. Written notice of death was not given the employer as required by section 18 of the Workmen's Compensation Law. The State Industrial Board has excused such failure in the following language, viz.: " The employer was not prejudiced by the failure to give written notice of death because the employer had actual knowledge of the death of Andrew J. Harvey within 30 days thereafter which is evidenced by the fact that the employer filed a supplemental report of death with the State Department of Labor, Bureau of Workmen's Compensation, on May 5, 1924, within 30 days after death." An excuse for the reason stated is unauthorized by said section 18. That section specifies various grounds of excuse. " Knowledge of *death* " is not one of them. Death may be the result of many different causes and knowledge of death implies nothing as to the circumstances or conditions or causes which resulted in death. One of the grounds· of excuse authorized by the statute is that " the employer has not been prejudiced " by failure to receive written notice. The difficulty in the present case, however, is that the Board has predicated want of prejudice to the employer solely on the fact that the latter " had actual knowledge of the death " which as we have seen is insufficient. The supplemental report of the employer mentioned by the Board stated no material fact justifying the excuse. The statute is explicit in regard to the requirements of notice and as to the grounds on which failure to give written notice may be excused and these statutory requirements should not be disregarded or carelessly applied.

The award should be reversed and the claim remitted, with costs against the State Industrial Board to abide the event.

All concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.